## IN the MATTER OF the AMENDMENT OF SECTION (RULE) 809.23(3), STATS.

Supreme Court

*Filed June 25, 1990.*

(Also reported in 456 N.W.2d 783.)

PER CURIAM.

The State Bar of Wisconsin filed a petition on August 31, 1989 seeking the amendment of sec. (Rule) 809.23(3), Stats., which provides that unpublished opinions of the court of appeals are of no precedential value and prohibits the citation of those opinions in any Wisconsin court as precedent or authority, except to support a claim of *res judicata,* collateral estoppel or law of the case.[1] The State Bar asks that the rule be amended to permit unpublished opinions to be cited for persuasive and informational purposes, provided the person citing them contemporaneously provides the court and all opposing parties with a copy of the opinions, as well as copies of all other unpublished opinions of the court of appeals of which that person has knowledge, the holdings of which are directly adverse to the cited opinions on the issue for which they are cited.

---

[1]Eight of the federal appellate circuits have similar rules prohibiting the citation of unpublished decisions, including the Seventh Circuit, comprising Illinois, Indiana and Wisconsin. Two other circuits have rules "disfavoring" the citation of unpublished decisions except for those purposes. "Unpublished Dispositions: Problems of Access and Use in the Courts of Appeals," Federal Judicial Center, 1985.

Upon consideration of the matters presented at the public hearing on the proposed amendment held March 21, 1990 and the submissions made in response to the proposed amendment, the court has determined that the petition to amend sec. (Rule) 809.23(3), Stats., be denied.

The reasons for which the court adopted the rule limiting citation of unpublished appellate opinions in 1978 are set forth in the Judicial Council Committee's Note to the rule:

1. The type of opinion written for the benefit of the parties is different from an opinion written for publication and often should not be published without substantial revision;

2. If unpublished opinions could be cited, services that publish only unpublished opinions would soon develop forcing the treatment of unpublished opinions in the same manner as published opinions thereby defeating the purpose of nonpublication;

3. Permitting the citation of unpublished opinions gives an advantage to a person who knows about the case over one who does not;

4. An unpublished opinion is not new authority but only a repeated application of a settled rule of law for which there is ample published authority.

The court continues to adhere to those expressions of general policy.

Although the proposed amendment attempts to eliminate the advantage one having knowledge of an unpublished opinion would have over one who does not, it addresses only matters that have reached the stage of

litigation, for it would require a copy of the cited unpublished opinion and all other known unpublished opinions with holdings directly adverse to the relevant issue of the cited opinion to be furnished to the court and all opposing parties. Yet, if citation of unpublished opinions were permitted for persuasive and informational purposes, the inequality between persons knowing of unpublished opinions and those who did not would exist well before a matter reached the courts. Indeed, it would be present at the outset of legal representation, even in matters never intended to be litigated.

Moreover, if unpublished opinions were permitted to be cited for persuasive and informational purposes, lawyers would not be entitled to rely on published precedent in advising clients concerning their legal matters. Competent representation could well require research into a large body of unpublished appellate opinions lest some of them ultimately be considered persuasive or informative on issues relevant to the client's matters.

This additional burden on the practitioner, with a concomitant increase in fees to the client, would not be alleviated by the availability of services printing the unpublished appellate opinions or their inclusion in automated legal research tools or availability at law libraries. All law offices are not created equal: differences in geographical location, client base and economic resources create an inequality in the ability of a practitioner, whether a lawyer practicing alone in a small town or one practicing in a 35-member firm in a large metropolis, to easily and affordably conduct the research needed for adequate client representation.

The court is also cognizant of the potential for unintended abuse inherent in the citation of unpublished appellate opinions for purposes other than those currently permitted. Trial courts and appellate courts might

unwittingly give unpublished opinions more weight than that to which they are entitled, merely because they express the reasoning of an appellate tribunal on the same or similar issue. Moreover, courts might inadvertently give the appearance of improperly having relied on unpublished opinions as precedent for their holdings on the same issue. Erosion of the concept of precedent embodied in published decisional law is too great a price to pay for the sake of informing or persuading a court by means of opinions not designed for citation.

While we acknowledge that sound arguments may be and have been made for permitting citation of unpublished opinions for informational and persuasive purposes, they are outweighed by the reasons we have enunciated herein for continuing to limit the citation of unpublished appellate decisions to the support of claims of *res judicata,* collateral estoppel or law of the case.

IT IS ORDERED that the petition for the amendment of sec. (Rule) 809.23(3), Stats., is denied.

SHIRLEY S. ABRAHAMSON, J. (dissenting). I dissent because I believe the court should have discussed and decided the petition for the rule in an open proceeding. The court's rule-making procedures are, unfortunately, shrouded in secrecy. See *State of Wisconsin ex rel. Hon. James P. Fiedler v. The Wisconsin Senate,* 155 Wis. 2d 94, 117, 454 N.W.2d 770 (1990) (Abrahamson, J. dissenting); *In re Felony Sentencing Guidelines,* 120 Wis. 2d 198, 216–18, 353 N.W.2d 793 (1984) (Abrahamson, J. dissenting).

I also disagree with the majority on the substance of the order. I join the State Bar (the Board of Governors adopted the proposal by a margin of more than 60 per-

cent), the court of appeals[1] and the Milwaukee Bar Association Bench/Bar Committee in concluding that the proposed rule should be adopted. I would adopt the State Bar's proposed rule[2] on a trial basis for two years. I would ask the Judicial Council to monitor the operation of the new rule and report back to the court.

Nonpublication of selected appellate court opinions and no-citation of unpublished opinions have been hotly debated issues for many years at both the state and national levels. Each proposed solution to the problems caused by the ever increasing volume of appellate opinions poses its own difficulties.[3]

---

[1]Letter from then Chief Judge of the court of appeals, Burton A. Scott, to this court, dated July 20, 1989, in the court file *In the Matter of the Amendment to Rule 809.23(3) of the Rules of Appellate Procedure.* Chief Judge William Eich of the court of appeals appeared at the public hearing in support of the proposed rule.

[2]The proposed rule amends sec. (Rule) 809.23(3), Stats. 1987–88. The proposal retains the present rule that unpublished opinions may not be cited in any court of this state as precedent or authority, though they may be cited to support a claim of res judicata, collateral estoppel, or law of the case. The proposal adds, "Unpublished opinions may also be cited for persuasive and informational purposes if the person making reference to the unpublished opinion contemporaneously provides the court and all opposing parties with a copy of the opinion and copies of all other unpublished opinions of the Court of Appeals of which the attorney had knowledge, the holdings of which are directly adverse to the cited opinion upon the issue for which it is cited."

[3]For discussions of these issues, see, *e.g.,* Carrington, Meador and Rosenberg, *Justice on Appeal* 35–43 (1976); Walther, Grove and Heffernan, *Appellate Practice and Procedure in Wisconsin* ch. 17 (1986); Stienstra, *Unpublished Dispositions: Problems of Access and Use in the Courts of Appeals* (Federal Judicial Center 1985); National Center for State Courts, *Report on Unpublished Opinions of the California Courts of Appeal*

The Bar proposal has been researched and discussed for a number of years and is apparently the result of widespread sentiment for change to meet new conditions. This is the second time the court has been asked to permit citation to unpublished opinions. In 1982 the Judicial Council petitioned the court to amend sec. 809.23(3) to allow citation to unpublished court of appeals opinions. After discussing this proposal behind closed doors, this court rejected the 1982 proposal without explanation. After a 1984 study, the State Bar of Wisconsin concluded that it would not propose a change to the rule.[4] In 1989, after further consideration, the State Bar of Wisconsin concluded a change was needed and presented this proposal.[5]

---

(1976); Grodin, *The Depublication Practice of the California Supreme Court,* 72 Calif. L. Rev. 514 (1984); Reynolds and Richman, *The Non-Precedential Precedent—Limited Publication and No-Citation Rules in the United States Court of Appeals,* 78 Colum. L. Rev. 1167 (1978); Gerstein, *"Law by Elimination:" Depublication in the California Supreme Court,* 67 Judicature 293 (Dec./Jan. 1984); Walther, *The Noncitation Rule and the Concept of Stare Decisis,* 61 Marq. L. Rev. 581 (1978); Sullivan, *To Publish . . . or Not to Publish,* 8 Milwaukee Lawyer 4 (1985); Andreani, *Independent Panels to Choose Publishable Opinions: A Solution to the Problems of California's Selective Publication System,* 12 Pacific L.J. 727 (1981); Reynolds and Richman, *An Evaluation of Limited Publication in the United States Courts of Appeals: The Price of Reform,* 48 U. Chi. L. Rev. 573 (1981); Black, *Hide and Seek Precedent: Phantom Opinions in Ohio,* 50 U. Cinn. L. Rev. 477 (1981); Comment, *A Snake in the Path of the Law: The Seventh Circuit's Non-Publication Rule,* 39 U. Pitt. 309 (1977).

[4]State Bar of Wisconsin, Committee on Administration of Justice and the Judiciary, Final Report on Unpublished Opinions, Wis. Bar Bull., August 1984, at 40–41.

[5]Minutes, Board of Governors, State Bar of Wisconsin, April

A consensus is emerging across the country that the bench and bar must reexamine no-publication and no-citation rules because of the new, enlarged and less-expensive database services now available. Although in 1978 I supported sec. 809.23(3), the no-citation rule, because I thought the rule presented the fewest serious problems, I now conclude that changed conditions require experimenting with innovative approaches and new rules.

The four reasons for adopting the 1978 no-citation rule, upon which the majority relies today, no longer support retaining the rule. The stronger arguments today are for adoption of the proposed rule, at least on a trial basis.

## I.

One reason given in 1978 for the no-citation rules was that the type of unpublished opinion written for the benefit of parties is different from an opinion written for publication.

I agree with Chief Judge Holloway and Judges Barrett and Baldock of the Tenth Circuit Court of Appeals, who in dissenting from the adoption of the no-citation rule in that circuit wrote that this reason is the "most untenable of the notions suggested for the no-citation rule." The Chief Judge persuasively wrote that unpublished decisions, like published decisions, should not be

14, 1989, pp. 3-7, including Feb. 9, 1989 letter from Attorney Donald M. Lieb on behalf of the Bench/Bar Relations Committee of the State Bar of Wisconsin and proposal of the Milwaukee Bar Assn Joint Bench and Bar Committee—Court of Appeals; Minutes, State Bench/Bar Committee, State Bar of Wisconsin, November 17, 1988 (p. 2), March 26, 1988 (pp. 4-5), January 29, 1988.

shielded from scrutiny or analysis by attorneys or the public at large. (See unpublished statement, November 18, 1986, referred to in U.S. Ct. of App. 10th Cir. Rule 36.3, 28 U.S.C.A. p. 1093, U.S. Courts of Appeals Rules: Part II, Seventh to Eleventh Circuits, Federal Circuit, 1990 pamphlet, full copy acquired from Chief Judge Holloway's chambers via fax).

Recent studies indicate that published and unpublished opinions do not differ greatly in quality or precedential value and that unpublished opinions are not necessarily time-saving tools for the judge. Robel, *The Myth of the Disposable Opinion: Unpublished Opinions and Government Litigants in the United States Courts of Appeals,* 87 Mich. L. Rev. 940 (1989).

## II.

The second reason the court gave in 1978 for adopting the no-citation rule is that it wanted to inhibit services from publishing unpublished decisions. Experience shows that circulation of the unpublished opinions increases the demand for a rule allowing citation. Frank, *Remarks Before the Ninth Circuit Judicial Conference,* 16 Judges' J. 10 (Winter 1977).

Despite the no-citation rule, several services do "publish" the unpublished opinions. In addition to being available in weekly and semi-monthly printed publications *(Appellate Opinions; Wisconsin Law Reporter),* unpublished opinions are now available on both Lexis and Westlaw computer information banks.

Contrary to its reasoning in its adoption of the no-citation rule, this court is in large part responsible for the computer services' providing lawyers with access to unpublished opinions. After its inception, the court of appeals concluded that incorporating its unpublished

opinions in a computerized legal research system (Lexis) would enable it to search its unpublished opinions to ensure equal and consistent treatment of litigants and rapid retrieval of past research and writings. In 1981-82, after the court of appeals unsuccessfully sought state funding, this court (and, upon request of the court, the legislature) approved the court of appeals' accepting a two-year $100,000 grant from the Evan P. and Marion Helfaer Foundation, whereby the Foundation would underwrite Lexis service for the court of appeals and Lexis would incorporate the court of appeals' unpublished opinions in the Lexis library and research system.[6]

Unpublished opinions are also available on microfiche from the State Law Library (which the Supreme Court maintains pursuant to SCR 82.01) at an initial cost of about $250 with yearly supplements at $25 per year. The State Law Library will provide computer searches to lawyers at a reasonable charge. Use of the microfiche service along with Lexis or Westlaw significantly reduces the costs of searching unpublished opinions.

Furthermore, informal circulation of unpublished decisions is widespread. I recently wrote a dissent to an unpublished order on disqualification of circuit judges. *State ex rel. National Union Fire Insurance Co. v. Circuit Court for St. Croix County, the Hon. James A. Wendland, Presiding,* Case No. 90-0935-W, filed with the Clerk of the Supreme Court on May 29, 1990. The opinion has been circulating. The State Court Administrator distributed the opinion to the chief judges of the circuit courts, and the chief judges in all probability will distribute it to the circuit court judges around the state.

---

[6]*State ex rel. Moran v. Department of Administration,* 103 Wis. 2d 311, 307 N.W.2d 658 (1981).

The order was reported in the newspapers, and attorneys have requested copies.

The no-citation rule "is honored in its breach more times than not in the trial courts. Many [Wisconsin] trial judges have expressed their desire to have these opinions citable to them as nonprecedential authority."[7] Despite rules in a number of federal courts of appeal, the no-citation rule is apparently evaded in the federal system too. Robel, *The Myth of the Disposable Opinion: Unpublished Opinions and Government Litigants in the United States Courts of Appeals,* 87 Mich. L. Rev. 940, 945, n.24 (1989).

## III.

The third reason the court gave in 1978 for the no-citation rule is that permitting the citation of unpublished opinions gives an advantage to a person who knows about the case over one who does not.

I join the majority opinion in advocating increased access to quality legal services and equal justice for all litigants regardless of their economic status.

I do not believe, however, that our current no-citation rule has any appreciable equalizing effect on the delivery of legal services to low income individuals, persons in rural areas, or recipients of services from smaller firms or solo practitioners. Furthermore there is no reason to believe that a change in the no-citation rule will harm the client who is poor or who lives in a rural part of the state or will put the solo practitioner at a disadvantage.

The court does not know the extent to which attorneys presently rely on unpublished or published opinions when offering legal advice or how the proposed limited

[7]See Letter from Chief Judge Scott, note 1 *supra.*

citation rule would affect the economics of law practice. The record before the court is silent on the latter question, and the justices' own experiences as attorneys probably no longer pertain because economics and technology have changed dramatically since any member of this court practiced law. No legal aid, legal services, public interest or consumer groups appeared at the hearing or wrote the court about this proposal. This silence leads me to believe that consumer organizations did not view this proposal as having a significant impact on the costs of the delivery of legal services.

Economic considerations point to eliminating the no-citation rule. The prestigious Federal Study Committee recommended in its recent Report (April 2, 1990) that the federal courts of appeal review the nonpublication, no-citation rules "in light of increasing ease and decreasing cost of database access." Report, pp. 130–31. As previously noted, all attorneys are currently able to obtain unpublished opinions from a wide variety of sources in Wisconsin.

The proposed rule is a step toward the goal of equal access to legal services for all citizens. Under the present rule a lawyer who knows about an unpublished decision may use the reasoning of the case without advising opposing counsel of the decision. The no-citation rule does not prohibit use of unpublished opinions; it only prohibits acknowledging use of unpublished opinions. The proposed rule requires an attorney who wishes to use an unpublished opinion to give copies of "all other unpublished opinions of the court of appeals of which the attorney has knowledge, the holdings of which are directly adverse to the cited opinion upon the issue for which it is cited." The rule conforms to the requirements of the Code of Professional Responsibility. See SCR 20:3.3 regarding the disclosure of adverse legal authority.

The Board of Governors of the State Bar (composed of lawyers from all parts of the state and from all types of practice) apparently concluded that a citation rule will improve the delivery of legal services for all.

## IV.

The fourth reason the court gave in 1978 for the no-citation rule is that an unpublished opinion is not new authority but only a repeated application of a settled rule of law for which there is ample authority.

Many unpublished opinions fit this description, but many do not. The authors of a treatise on Wisconsin appellate practice concluded that this fourth reason "seems to be contradicted by the evidence . . .. Although [the unpublished opinions] may not shatter precedents or boldly set out new propositions of law, many of the unpublished decisions present significant variations or meaningful explanations that go beyond mere application of settled law."[8] Indeed this court accepts for review numerous unpublished opinions each year, indicating that not all unpublished opinions are merely repeated application of a settled rule of law for which there is ample authority.

The majority opinion contends that citation of unpublished opinions is likely to erode the concept of precedent as embodied in published decisional law. I conclude that an uncitable decision fosters the notion

---

[8]Walther, Grove and Heffernan, *Appellate Practice and Procedure in Wisconsin,* 17-4 (1986).

Professor Donald R. Songer reached a similar conclusion in his study of unpublished federal appellate court opinions. See Songer, *Criteria for Publication of Opinions in the U.S. Court of Appeals: Formal Rules versus Empirical Reality,* 73 Judicature 307 (April/May 1990).

that this is a government of persons, not law. Allowing parties to cite unpublished cases as persuasive authority in similar factual situations promotes the rule of law.

Chief Judge Holloway and Judges Barrett and Baldock of the Tenth Circuit Court of Appeals, when dissenting from the adoption of the no-citation rule for that circuit, persuasively argued that "all rulings of this court are precedents, like it or not, and we cannot consign any of them to oblivion by merely banning their citation." I have come to believe, as those judges do, that any litigant who can point to a prior ruling of the court and can demonstrate that he or she is entitled to prevail under it should be able to do so as a matter of justice and fundamental fairness. As these judges point out, denying a litigant this right may have overtones of "a constitutional infringement because of the arbitrariness, irrationality and unequal treatment of the rule."[9]

I further believe that the proposed limited citation rule would promote greater consistency in the decision-making process in the court of appeals. The court of appeals has recognized the difficulty of achieving consistency among panels sitting across the state, and it views its own examination of unpublished opinions as a means of helping achieve consistency.[10] We ought to let lawyers and litigants help the court of appeals in this endeavor.

[9]See Reynolds and Richman, *The Non-Precedential Precedent—Limited Publication and No Citation Rules in the United States Courts of Appeals,* 78 Colum. L. Rev. 1167, 1180, n.74 (1978); Note, *Unreported Decisions in the United States Courts of Appeals,* 63 Cornell L. Rev. 141–145 (1977); *Jones v. Supt., Virginia State Farm,* 465 F.2d 1091, 1094 (4th Cir. 1972).

[10]Communications re grants from the Evan P. and Marion Helfaer Foundation.

For the reasons set forth, I would adopt the proposed rule on a trial basis for two years. I therefore dissent.